FILED
CHARLOTTE, NC

DEC 23 2024

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LISA WAITE,<br><br>      Plaintiff,<br>v.<br><br>NATIONWIDE LEGAL GROUP;<br>and DOE 1-5<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 3:24-cv-1117-FDW |

**COMPLAINT**
**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court exercises jurisdiction under 15 U.S.C. § 1692k and 28 U.S.C. § 1331. This District is of proper venue as the defendants engaged in the actions alleged herein while located within this District.

//

//

1

## PARTIES

3.  Plaintiff, LISA WAITE (hereinafter "Mrs. Waite" or "Plaintiff") is a natural person residing in Stockport, Ohio. Defendant, NATIONWIDE LEGAL GROUP (hereinafter "Defendant"), is an entity or fictitious business name of unknown origin utilizing an address of 4800 Express Dr. # 19769 in Charlotte, North Carolina. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

4.  NATIONWIDE LEGAL GROUP and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

5.  Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

6.  On or about December 29, 2023, Defendants began attempting to collect a consumer debt allegedly owed by Mrs. Waite.

7.  On December 29, 2023, Mrs. Waite received a letter from Defendants entitled "Notification of Lawsuit & Civil Complaint" in an attempt to collect a consumer debt allegedly owed by Ms. Waite. The letter is attached as Exhibit A[1] and incorporated hereto by reference.

8.  Defendants' letter attached as Exhibit A was the first and only communication between Defendants and Mrs. Waite.

---

[1] The names of Plaintiff's family members and employer have been redacted for privacy.

9. Based on information and belief, Defendants letter attached as Exhibit A contained the following misrepresentation: 1.) Defendants' letter misrepresented a "Civil Lawsuit Notification" where Defendants had no intention of filing a lawsuit; 2.) Defendants' letter misrepresented "NSF Fraud, "fraudulent activity," "and "malicious intent to commit wire fraud" where no such activity or intent existed; 3.) Defendants' letter misrepresented a Cc to "U.S. District Court"; 3.) Defendants' letter misrepresented that "...court costs and attorney fees will be added to the debt..."; 4.) Defendants' letter misrepresented that the non-existent lawsuit "would result in a civil court judgment"; 5.) and Defendants' letter misrepresented that "A civil judgment will immediately be reported to the credit bureaus and will be aggressively enforced."

10. Based on information and belief, Defendants regularly operate as third party debt collectors, without any other business purpose besides debt collection.

11. Mrs. Waite, concerned and harassed by Defendants' letter in which Defendants failed to meaningfully identify themselves and engaged in the aforementioned misrepresentations, retained counsel with Centennial Law Offices.

12. On March 7, 2024, staff from Centennial Law Offices attempted to contact Defendants at the telephone number printed on Defendants' letter, but only reached a general voicemail box.

13. Defendants failed to provide Mrs. Waite with the requisite debt validation information pursuant to 15 U.S.C. 1692g(a) within 5-days of their initial communication with Mrs. Waite on or about December 29, 2023.

14. At various times, including in December 2024, staff from Centennial Law Offices checked state and federal courts in the area and found no case against Mrs. Waite filed by Defendants.

15. As a direct result of the collection activity herein alleged, legal fees have been incurred in the amount of $3,155.00.

## CAUSES OF ACTION

### COUNT I

16. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d(6) by failing to provide meaningful disclosure of their identity in their communication with Plaintiff, specifically that the communication was from a debt collector.

### COUNT II

17. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692e(11) by engaging in a communication with Plaintiff in which Defendants failed to disclose that the communication was from a debt collector.

### COUNT III

18. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692g(a) by failing to provide Plaintiff with the debt validation information contemplated by 15 U.S.C. 1692g(a) within 5-days of their initial communication with Plaintiff.

## COUNT IV

19. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692e, particularly 1692e(4), 1692e(5), 1692e(9), 1692e(10) as follows: 1.) Defendants' letter (Exhibit A) misrepresented a "Civil Lawsuit Notification" where Defendants had no intention of filing a lawsuit; 2.) Defendants' letter misrepresented "NSF Fraud, "fraudulent activity," "and malicious intent to commit wire fraud" where no such activity or intent existed; 3.) Defendants' letter misrepresented a Cc to "U.S. District Court"; 3.) Defendants' letter misrepresented that "...court costs and attorney fees will be added to the debt..."; 4.) Defendants' letter misrepresented that the non-existent lawsuit "would result in a civil court judgment"; 5.) and Defendants' letter misrepresented that "A civil judgment will immediately be reported to the credit bureaus and will be aggressively enforced."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For $3,155.00 for legal fees incurred in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date: December 19, 2024

_____
Lisa Waite (Pro Se)